IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EUCALYPTUS REAL ESTATE LLC | § § | |
| Plaintiff / Counter-Defendant, | § | |
| v. | § | No. 5:24-CV-04124-HLT-GEB |
| | § | |
| LRS SOUTH, LLC, | § | Judge Holly L. Teeter |
| | § | Magistrate Judge Gwynne E. Birzer |
| Defendant / Counter-Plaintiff | § | |

**PLAINTIFF EUCALYPTUS REAL ESTATE LLC'S
RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff / Counter-Defendant, Eucalyptus Real Estate LLC, pursuant to Fed.R.Civ.P. 12 and 8, hereby submits it Response to the Partial Motion to Dismiss filed by Defendant / Counter-Plaintiff LRS South LLC, and would show the court as follows:

Defendant argues that Plaintiff's defamation claim, and additionally, the claim for punitive damages, should be dismissed for failure to state a claim upon which relief can be granted. Those arguments should not be well taken. "[T]he mode of pleading defamation is governed by [Federal Rule of Civil Procedure ("Rule") 8]." *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986). Under the liberal notice pleading standard set forth in Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting Rule 8(a)(2)). A "short and plain statement" is one that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts

1

all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether it is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of the claims, minimal factual allegations must be plead on which material elements must be proved. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

In Kansas, elements of defamation include false and defamatory words, communicated to a third person, which result in harm to the reputation of the person defamed. *Luttrell v. United Telephone System, Inc.,* 9 Kan. App.2d 620, 620-21, 683 P.2d 1292 (1984), *aff'd* 236 Kan. 710, 695 P.2d 1279 (1985).  In this case, Plaintiff has done everything that is required by Rule 8. Plaintiff has stated in its complaint that defendant defamed it by making statements in and around Topeka, Kansas, that it had terminated its contractual trash pick-up obligations because Plaintiff had stopped paying its bills.  That is not true, and as stated in the Complaint, Defendant had made payments continually throughout the life of the contract between the parties, including payments made only days prior to defendant terminating its service without any notice. Defendant knows exactly what it said, to whom it said it, and who made the false statements. Defendant cites *Heckman v. Zurich Holding Company of America*, No. 06-2435-KHV, 2007 U.S. Dist. LEXIS 14720 as dispositive on their Motion, but the case isn't as helpful or as dispositive as defendant claims and is distinguishable.

In *Heckman*, the plaintiff made allegations regarding top-level executives at large companies who she alleged made defamatory and false statements about her to other "various insurance regulators for various states and others in the insurance industry."  Those are broad

allegations covering what appears to be the entire nation.  That is not the case here, and it is disingenuous for Defendant to state that the Complaint, as plead, does not reasonably apprise it of the allegations made against it.

We are dealing with trash pick-up at apartment complexes in Topeka, Kansas, services which were to be provided by one single entity, the defendant.  Those services were supposed to be provided to Plaintiff, another single entity, for the benefit of its tenants at various apartment complexes all located in Topeka, Kansas.  Defendant stopped providing those services without notice.  After defendant stopped providing those services, Plaintiff started receiving municipal citations from the City of Topeka due to defendant's actions.  Plaintiff started receiving calls from various media outlets located in Topeka about the issues caused by defendant, including stating that the media outlets had heard the trash services were terminated because Plaintiff and/or its representatives do not pay their bills.  Plaintiff assumes that since it was getting calls and the identity of defendant was known to anyone who looked at one of the dumpsters that defendant had stopped servicing, that defendant was also receiving calls from various government agencies, media outlets, and tenants.  In addition to fielding calls from reporters and city inspectors, Plaintiff was also contacted by numerous residents of apartment complexes regarding defendant's sudden refusal to pick up trash during the holidays.  It is likely that defendant also received calls from outraged residents over the issue.  It is more than probable than not that defendant told anyone who contacted it to inquire as to why they were not picking up trash, that there were not doing so due to Plaintiff's failure to pay its bills.

The "central concern" at the pleadings stage of a defamation case "is that the complaint 'afford [the] defendant sufficient notice of the communications complained of to enable him to defend himself.'" *Linell v. N.Y.C. Dep't of Educ.*, No. 15-CV-5085 (CBA) (MDG), 2017 WL

880853 (E.D.N.Y. Mar. 3, 2017).  Plaintiff in this case has alleged facts that are sufficient to place defendant on notice of those claims.  Plaintiff "need not allege the specific defamatory words" when proceeding in federal court. *Id*.  Plaintiff meets his burden of notice pleading when the complaint "is sufficiently detailed to apprise defendants of what plaintiff intends to prove and to permit them to respond." *Id*.  It is not even necessary to name the specific individual who is claimed to have made the defamatory statement, so long as the complaint's allegations are otherwise sufficient to provide notice of Plaintiff's claim.  *Regal Custom Clothiers, Ltd. v. Mohan's Custom Tailors, Inc.*, No. 96-CV-6320 (SS), 1997 WL 370595 (S.D.N.Y. July 1, 1997).

      Under Kansas law, defamatory words are those which tend to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held, or to excite adverse, derogatory or unpleasant feelings or opinion against her. *Woodmont Corp. v. Rockwood Ctr. P'ship* , 811 F. Supp. 1478, 1481 (D. Kan. 1993) (citing *Gomez v. Hug* , 7 Kan. App.2d 603, 611, 645 P.2d 916, 923 (1982)). Statements which are defamatory by implication must use language which is reasonably capable of defamatory interpretation. *Id*.  Here, defendant has made statements that Plaintiff does not pay its bills.  It fabricated that as the reason it breached a contractual agreement, without notice, when it learned that Plaintiff was contemplating changing waste control providers.  Such statements may be susceptible to defamatory meaning in that they suggest incompetence or malfeasance by plaintiff. *Id*.  Considering all of those things, this Court should not be able to conclude that Plaintiff can prove no set of facts from which a jury might find the challenged statements defamatory, and the Motion should be overruled.

## CONCLUSION

      Wherefore, above premises considered, Plaintiff Eucalyptus Real Estate LLC submits that pursuant to Fed.R.Civ.P 12(b) and 8, that the Court find that the Complaint is plead

sufficiently to place Defendant on notice of the claims against it, and deny the Motion to Dismiss.

                                              Respectfully submitted,

                                              */s/ Meredith Monaco*
                                              Meredith Monaco, KS BAR NO. 26918
                                              1200 Sovereign Row
                                              Oklahoma City, OK 73108
                                              Telephone: 405.639.2180 Ext. 150
                                              mcginnismonaco@gmail.com

                                              ATTORNEYS FOR PLAINTIFF / COUNTER-DEFENDANT EUCALYPTUS REAL ESTATE LLC

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of March, 2025, I electronically filed the foregoing Answer to Counterclaim with the Clerk of the Court for the United States District Court, District of Kansas by using the CM/ECF system, which will notify all counsel of record.

                                              */s/ Meredith Monaco*
                                              Attorney for Plaintiff