### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EUCALYPTUS REAL ESTATE LLC § | |
| § | |
| Plaintiff / Counter-Defendant, § | |
| v. § | No. 5:24-CV-04124-HLT-GEB |
| § | |
| LRS SOUTH, LLC, § | Judge Holly L. Teeter |
| § | Magistrate Judge Gwynne E. Birzer |
| Defendant / Counter-Plaintiff § | |

### JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and the Court's Order (ECF No. 14) and directive to the Parties respectfully move the Court to enter a Protective Order to prohibit and restrict the disclosure of confidential and proprietary information. In support of this Motion, the Parties state as follows:

The protection of the identified categories of confidential information is necessary because Plaintiff's and Defendant's claims require disclosure of certain information related to the confidential business information, practices, operations, accounting, employee information and assets of the entities involved. Parties anticipate that documents containing sensitive, private and confidential information about its employees will be requested in light of the competing allegations. If this information is made public, such as private information about an employee, then serious injury could be caused to the employee as any person could access non-public information that is otherwise protected by extensive legislation. Such disclosure would subject Plaintiff's and Defendant's employees to embarrassment and exposure despite not being a party to these proceedings. Similarly, the disclosure of documents containing information, such as non-public contact information and social security numbers, could result in irreparable damage as it could lead to identity theft, scams, harassment by individuals using the non-public contact

information and/or other misuses. These are examples of possible serious injuries that could be caused by the disclosure of documents without a protective order that go beyond the Plaintiff's and Defendant's employees' reasonable expectation of privacy. Plaintiff and Defendant also anticipate that documents containing confidential information about their respective business practices, finances, and other non-public information may be requested. Plaintiff and Defendant require this protective order in order to prevent their respective businesses from being harmed by disclosure of non-public information that include trade secrets, operational information and strategies that allow it to be competitive in its market. The public disclosure of such proprietary, sensitive, commercial and/or financial information could do irreparable and severe damage to the Plaintiff's and Defendant's business.

In order to maintain the confidentiality of this information, and to protect the Parties and their respective confidential information, the Parties request the Court enter a Protective Order, which has been submitted to the Court for consideration.

WHEREFORE, the Parties respectfully request the Court enter the proposed Joint Protective Order and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| */s/ Meredith Monaco* | */s/ Anna M. Berman* |
| Meredith Monaco, Bar No. 26918 | Anna M. Berman, KS Bar 24519 |
| 1200 Sovereign Row | 2405 Grand Blvd., Suite 600 |
| Oklahoma City, OK 73108 | Kansas City, MS 64108 |
| mcginnismonaco@gmail.com | anna.berman@kutarock.com |
| 405-408-9230 | 816-960-0090 |

Attorney for Eucalyptus Real Estate LLC

David J. Stein (admitted *pro hac vice*)

Kara E. Angeletti (admitted *pro hac vice*)

77 W. Wacker Dr., Ste. 3100

Chicago, IL 60601

david.stein@gtlaw.com

angelettik@gtlaw.com

Attorneys for Lakeshore Recycling Systems, LLC